IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN LEE RICHES, | ) | No. C 07-5201 MJJ (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| CHARLES ROBERT ANDERS, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a federal prisoner proceeding pro se, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against Charles Robert Anders and the State of California, the two parties in the United States Supreme Court case <u>Anders v. California</u>, 386 U.S. 738 (1967).

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>See id.</u> § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

G:\PRO-SE\MJJ\CR.07\riches8.dsm.wpd

1  Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of
2  the complaint's factual allegations and dismiss as frivolous those claims whose factual
3  contentions are clearly baseless.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992).
4  Examples are claims describing fantastic or delusional scenarios with which federal district
5  judges are all too familiar.  See Neitzke v. Williams, 490 U.S. 319, 328 (1989).  To pierce the
6  veil of the complaint's factual allegations means that a court is not bound, as it usually is
7  when making a determination based solely on the pleadings, to accept without question the
8  truth of the plaintiff's allegations.  See Denton, 504 U.S. at 32.  A finding of factual
9  frivolousness is appropriate when the facts alleged rise to the level of the irrational or the
10 wholly incredible, whether or not there are judicially noticeable facts available to contradict
11 them.  See id. at 32-33.

12 Plaintiff alleges that his lawyer was flying on Southwest Airlines to visit him but
13 defendants, with the help of marines, "scrambled jets with the help of NORAD" and took his
14 lawyer's plane to "a secret CIA/KGB/Pakastani/Mexican Mafia travel center" where the
15 Governor of California took his lawyer's briefcase.  Plaintiff also alleges that defendants
16 have "blackmailed" his lawyer into withdrawing from representing him, and that defendants
17 plan to "withdraw my brain."  He further alleges he is scared defendants will "cut off my
18 finger prints and plant them on Noriega."  As plaintiff's allegations are clearly baseless,
19 irrational and wholly incredible, the complaint will be dismissed as frivolous under sections
20 1915A and 1915(e)(2).

21 For the foregoing reasons, this action is DISMISSED.
22 The Clerk shall close the file.
23 IT IS SO ORDERED.

24 DATED:  10/24/07

MARTIN J. JENKINS
United States District Judge

G:\PRO-SE\MJJ\CR.07\riches8.dsm.wpd        2